THE PEOPLE *v.* MARTÍNEZ.

APPEAL from the District Court of Ponce.

No. 117.—Decided November 27, 1907.

INFORMATION—SEDUCTION—CHARACTER—REPUTATION.—The phrase *hasta entonces reputada por pura* (up to that time reputed to be chaste), used in the Spanish text of section 261 of the Penal Code, is substantially equivalent to the phrase ''of previously chaste character,'' employed in the English text, because the word *pura* means chaste (*casta*), especially when used in an information for seduction, and the meaning of the word reputation (*reputación*) for the purposes of section 261 cited, is equivalent to the word character (*carácter*).

ID.—NEW TRIAL—VERDICT CONTRARY TO LAW AND THE EVIDENCE—EVIDENCE—PROMISE OF MARRIAGE.—For the purposes of an information for seduction, the fact that the accused at the time of the commission of the crime was engaged to marry another woman in no wise affects the matter. If it is proved that the complainant had knowledge of this fact it may raise a doubt as to whether or not seduction was committed under promise of marriage, but such a fact is a matter for the jury. The existence of such an engagement and any knowledge which the complainant might have in regard thereto are facts which are entirely immaterial in cases of seduction and cannot serve as the basis for the granting of a new trial.

ID.—CORROBORATION OF TESTIMONY OF COMPLAINANT.—In seduction cases, if the jury credits the testimony of the injured female, the accused may be convicted on her sole testimony, without the necessity of corroboration by any other evidence whatever.

ID.—STATUS OF COMPLAINT.—As every woman is born single, the law will presume that such is her status until the contrary is proven; if the woman is married, the burden of proof of that fact is upon the defendant.

ID.—CHASTITY.—In prosecutions for seduction the burden is upon the *fiscal* to prove that the seduced woman was pure or chaste.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The appellant in this case was prosecuted and convicted of the seduction of Angela Collazo under promise of marriage. He was indicted on the 30th of July, 1906, and convicted on the 22d of January, 1907, and sentenced to pay a fine of $1,000 and to remain in prison until the same should be paid, which imprisonment should not exceed one year. The accused was also adjudged to pay the costs. On the 20th of February following he took an appeal from the sentence pronounced by the court, from the order refusing a new trial, and from the order overruling the motion in arrest of judgment.

The motion for a new trial was based on the allegations that the verdict was contrary to the law and the evidence and that the court erred in the charge to the jury.

The motion in arrest of judgment was based on an alleged defect in the information.

The appeal from the sentence embraces the other two and all will be considered together. There was no appearance made either by brief or oral argument in this court on behalf of the accused.

Let us examine the information. It reads, omitting the formal heading, as follows:

"In the District Court of Ponce, on the 30th of July of the year 1906.—The prosecuting attorney files an information against Gerardo Martínez for the crime of seduction, which is prescribed and punishment is fixed for the same in article 261 of the Penal Code, said crime having been committed as follows: In a house situated on the road leading to *la playa* of the city of Ponce and on the first week of the month of May, of the year 1906, the accused, Gerardo Martínez, who had love relations with Angela Collazo, unmarried and reputed up to that time as a woman of good moral character and chaste, seduced her, under a promise of marriage, having carnal acts with her. This is

contrary to the law for such cases provided and to the dignity and peace of The People of Porto Rico.''

It is objected by counsel for the defendant that this information does not charge him with any public offense, because it does not contain an exposition of all the elements constituting the crime of seduction, since it alleges in effect that the injured female ''was up to that time reputed to be pure,'' but does not state that she was a woman ''of previous chaste character,'' as is demanded by section 261 of the Penal Code.

The information is written in Spanish and uses the words found in the Spanish text of section 261 of the Penal Code, ''*hasta entonces reputada por pura*'' which correspond with those found in the English text ''of previous chaste character''; so that this exception to the information turns on the question whether or not the Spanish translation conforms to the English original. The word *pura* signifies ''chaste,'' especially when used in a connection such as that in this information.

The literal translation of the Spanish words, ''*hasta entonces reputada por pura*'' is ''up to that time reputed to be chaste.'' This brings up the difference between the words ''character'' and ''reputation.'' Webster, the great lexicographer, says:

''It would be well if ''character'' and ''reputation'' were used distinctively. In truth, character is what a person is; reputation is what he is supposed to be. Character is in himself, reputation is in the minds of others.'' (Webster's International Dictionary, p. 240.)

The same high authority defines reputation to be in law ''The character imputed to a person in the community in which he lives.'' (Same book, p. 1222.) So it clearly appears that as far as this section of our criminal law is concerned character and reputation are equivalent terms; and the Spanish and English words used therein substantially agree. The information is not subject to the exception raised

and is sufficient.    The motion in arrest of judgment was properly overruled.

The motion for a new trial on the theory that the verdict of the jury was contrary to the law and the evidence was based in effect on the following grounds:

"(a) Because it was known to the offended female since the beginning of her amorous relations with the accused that he, the accused, was engaged to be married.

"(b) Because it is inferred from the letter sent by the offended female to the accused on the 17th of April, 1906, that she had amorous relations with him regardless of any promise of marriage on the part of the accused.

"(c) Because it is insufficient to prove that the offended female was virgin and pure by her sole testimony if it is taken into consideration the falsehood which she has said upon declaring that she had never written to the accused regarding his amorous relations with another young lady, in accordance with the doctrine that if a witness does not testify the truth in any part of his declaration the same does not merit credence regarding the other matters.

"(d) Because there is no proof regarding the state of celibacy of the offended female."

In regard to the first proposition designated above by the letter "A," we may say that it matters not if the accused was engaged to be married to another woman at the time this offense was committed.    Men sometimes, and women, too, perhaps, have two or three engagements of this sort pending at the same time.    Of course it is not right, and a man should be "off with the old love before he is on with the new," but now and then he prefers to have "two strings to his bow."  The only service that this fact, if proven, could do to the accused would be, if a knowledge of it were brought home to the injured female, to cast a doubt on the fact of the carnal act being accomplished "under promise of marriage."    If this doubt arose upon the trial at all it was resolved by the jury against the accused.    It was their province to decide this question and we see no reason to disturb that decision.    As is well said by the *fiscal* in his argument here presented.

"But even admitting that Angela Collazo had knowledge of that state of things, it is necessary to recognize that this did not interfere in the least with the promise of marriage made by the accused, because a woman in such circumstances always believes that she will be the preferred one and the promises made to her will be accomplished even though the man may have amorous relations with another."

The prior engagement to marry another woman and the knowledge of it by Angela Collazo are entirely immaterial facts in the trial of this case.

In regard to the proposition designated by the letter "B" above we must say that the letter alleged to have been written by the girl on the 17th or 18th of April, 1906, does not show that these amorous relations were sustained and the criminal act committed without taking into consideration any promise of marriage. Though it is often difficult to determine what love letters really mean, yet a calm perusal of this epistle will surely show to the candid reader that this young woman was greatly infatuated with the man of her choice, and, though racked by doubts of his fidelity, had not given up her confidence in his promises of marriage, and it does not show by any means that she had determined to throw her reputation to the winds and surrender herself, body and soul, to her seducer, regardless of consequences. We cannot give such an interpretation to this tender epistle.

On an examination of the proposition designated by the letter "C" we may begin by saying that the old latin motto *Falsus in uno falsus in omnibus,* cannot be so strictly applied as is sought to be done in favor of the accused in respect to the testimony of the young woman alleged to have been seduced by him. *La Santísima Trinidad,* 20 U. S., 339. We can more properly apply that section of our Law of Evidence, which says:

"The direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact, except perjury and treason." (Section 18, Law of Evidence, Session Acts of 1905, p. 72.)

Counsel for the accused seems to think that section 250 of the Code of Criminal Procedure applies to this case. It has no application. The crime of seduction is not mentioned therein. No corroboration of the seduced person's testimony is required by the statute, and if the jury believe that she told the truth a conviction can be legally based on her declaration uncorroborated by other evidence. Besides, as far as the promise of marriage being made previous to the carnal intercourse is concerned, her testimony is amply supported by that of her sister Flora Collazo. But we have set this question at rest in the case of Salustiano Rodríguez, decided herein on the 29th day of June, 1906. Also in the following cases: *El Pueblo* v. *Santos,* decided on 28th April, 1905; *El Pueblo* v. *Durán,* decided on 17th June, 1905; and *El Pueblo* v. *Córdova,* decided on the 6th of November, 1905.

As far as concerns the proposition designated by the letter "D" we may say that all women are born single and the law presumes that a status once established continues until there is some proof presented of a change therein. Then if the injured female was married it devolved on the defendant to prove the fact. But all the circumstances go to prove the singleness of the injured woman. She was only 17 years old, lived with her aunt, went to school, and was accompanied by her sister when she went out to the concerts on the plaza and was treated in every way as an unmarried lady. There is nothing in this ground assigned for a new trial.

But we find that the motion was also based on the erroneous instructions given by the court to the jury in reference to the following points:

"First.—That the law presumes the woman to be chaste.

"Second.—That there is no proof required regarding the singleness of the offended female.

We have virtually disposed of the second alleged error in the previous discussion. If the presumption mentioned by the court did not obtain there was sufficient proof adduced to show

the single status of the injured girl.   Then even if the charge was erroneous in this particular the error was harmless and hence could not require a reversal of the judgment.   (Laws of 1904, p. 10, Act of 10th of March, 1904.)

In regard to the contention that the court erred in instructing the jury in reference to the chastity of the female, it is necessary to say that there has not been committed such an error upon examining the words of the instruction, and even if such an error had existed, the same was rectified immediately by the judge when he stated that the *fiscal* is required to show to the jury in a very positive manner the fact of the chastity of the woman.

Having found that none of the objections made by the counsel for the defendant are well taken and no substantial error appearing in the record the judgment should be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and Wolf concurred.

Mr Justice Figueras did not take part in the decision of this case.